UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAZAL ARNETT,<br><br>       Plaintiff,<br><br>-against-<br><br>WILLIAM HICKS, *District Trial Counsel of the Securities Exchange Commission*;<br>AARON LIPSON, *Staff Attorney SEC*,<br><br>       Defendants. | 19-CV-4755 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff Cazal Arnett, proceeding *pro se* and *in forma pauperis*, filed this action against SEC officials under the Court's diversity jurisdiction. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that he resides in Queens County, New York, and that Defendants reside in Georgia. In his complaint, Plaintiff asserts:

> On July 28th, 2004, Garner Anthony respectfully on my birthday purchased 10,000 shares of Cox which resulted in his trading profit of $50,900 after an announcement by Enterprises of its tender offer to Cox. Who are the SEC to allege that Garner Anthony engaged in insider trading when Garner Anthony respectfully on my birthday purchased these 10,000 shares of Cox. I don't believe this information relating to Enterprises' potential tender offer to Cox was nonpublic information.

(ECF No. 2 at 7.) Plaintiff further claims that he was "exploited and not notified of the SEC's prayer for relief against Garner Anthony for being respectful and purchasing 10,000 shares of Cox on my birthday July 28th." (*Id.* at 8.) By way of relief, Plaintiff seeks to "undo the prayer for relief from the Securities Exchange Commission against Garner Anthony. Force a tender offer of all of the SEC's shares of Cox to my prospect primary securities account." (*Id.*)

## DISCUSSION

**A.**     **Plaintiff's Claims**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which

he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**B.      Plaintiff's Litigation History**

Plaintiff has filed three other cases that were dismissed as frivolous. *See Arnett v. Zuckerberg*, No. 18-CV-839 (CM) (S.D.N.Y. Mar. 12, 2018); *Arnett v. Stoltenberg,* No. 18-CV-1299 (CM) (S.D.N.Y. Feb. 26, 2018); *Arnett v. Fire Dep't of New York,* No. 18-CV-3909 (CM) (S.D.N.Y. May 10, 2018).[1] The Court previously warned Plaintiff that further duplicative or frivolous litigation in this Court would result in an order barring him, under 28 U.S.C. § 1651, from filing new actions *in forma pauperis* without prior permission. *See Arnett,* No. 18-CV-3909 (CM) (S.D.N.Y. May 10, 2018). That warning remains in effect.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[1] Plaintiff has another pending case in this District. *See Arnett v. Internal Revenue Svc.*, No. 18-CV-11852 (UA).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 31, 2019
             New York, New York

                                                                                             *Louis L. Stanton*
                                                                                          Louis L. Stanton
                                                                                              U.S.D.J.